IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

June 6, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| CORBIN DALE MEADOR | ) | HAMILTON COUNTY |
| | ) | 03A01-9612-CV-00405 |
| Plaintiff-Appellant | ) | |
| | ) | |
| | ) | |
| v. | ) | HON. ROBERT M. SUMMITT, |
| | ) | JUDGE |
| | ) | |
| LINDA J. MEADOR | ) | |
| | ) | |
| Defendant-Appellee | ) | VACATED AND REMANDED |

LAWRENCE WILSON OF NASHVILLE FOR APPELLANT

CHARLES D. PATY OF CHATTANOOGA FOR APPELLEE


O P I N I O N


Goddard, P.J.


The controversy presently on appeal attacks a judgment entered in a post-divorce petition for contempt, wherein Linda J. Meador seeks to recover property she contends was awarded her in the divorce decree and to find her former husband, Corbin Dale Meador in contempt of court for refusing to deliver the property to her.

Mr. Meador's appeal contends that the items in question, prints by a well-known Chattanooga artist, Ben Hampton, were his separate property and were not awarded to her by the divorce decree. He also insists the Trial Court was in error in awarding her attorney fees when he was not found to be in contempt of court.

The parties were divorced by a final judgment entered on August 18, 1995, which incorporated their property settlement agreement. As pertinent to this appeal, the judgment provided the following:

> 3. Defendant [Ms. Meador] is awarded all household goods and furnishings currently in her possession, including all household goods and furnishings at the Garden Road house, the five (5) Ben Hampton prints upon the first house being sold,[1] her jewelry and clothes and any interest plaintiff may have in said property is hereby divested out of plaintiff and vested in defendant.

Ms. Meador insists that the prints in dispute were in the Garden Road house at the time of the entry of the decree (the parties owned another house which they rented, located on Norcross Road).

We conclude after reading the record that it is not sufficiently developed to make a judgment relative the status of the prints, other than the five which were clearly awarded Ms.

---

[1] The parties owned two houses.

Meador by the divorce decree. We reach this conclusion because we have found no proof to show that the disputed prints were a part of the household goods and furnishings of the Garden Road house at the time the decree was entered. Additionally, it appears that one of the prints was in the possession of their daughter.

Moreover, there is unimpeached testimony by Thelma Renner, a close friend of the artist, Mr. Hampton, that Mr. Hampton gave her many of his prints, some of which she gave to Mr. Meador individually.

As already stated, we conclude that it is appropriate the cause be remanded for further proof relative to the prints, and a determination whether they were in fact a part of the household goods and furnishings of the Garden Road house and, if not, whether they remained the separate property of Mr. Meador.

In conclusion as to this point, we are aware the Trial Court thought the decree entered on August 18, above quoted, resolved the matter.[2] However, our de novo review of the record persuades us otherwise, thus prompting our remand.

---

[2] THE COURT: Well, we'd liked to have a witness that is relevant. The last witness was not relevant because the prints were ordered in the order to be distributed in accordance with the order. It does not matter what the source was.

MR. MEADOR: The Court wouldn't consider those as being personal gifts?

THE COURT: Absolutely not, not the way the order so states. They're part of the family. See, there are other considerations in a divorce. You divide everything up; and once you do, then that's the order of the Court.

Regarding the second issue questioning the attorney fees awarded, in light of our disposition of issue one, it is unnecessary that we address this issue as it may be resolved by the Trial Court's determination of the first issue upon remand.

For the foregoing reasons the judgment of the Trial Court is vacated and the cause remanded for further proceedings not inconsistent with this opinion. Costs of appeal are adjudged one-half against Mr. Meador and one-half against Ms. Meador.

_____
Houston M. Goddard, P.J.

CONCUR:

_____
Herschel P. Franks, J.

_____
Charles D. Susano, Jr., J.

4